## Kot v. Milano

450

C.P. of Northampton County, no. 1999-C-05870.

*George K. Keenan,* for plaintiff.
*Anthony V. Clarke,* for defendant.

MORAN, *J.,* November 14, 2002—

## STATEMENT OF REASONS

Presently before the court are related motions filed by defendant Carl J. Milano D.M.D. on the complaint filed by plaintiff Gail H. Kot. Kot's complaint contains counts for negligence, breach of contract, and negligent representation. The first motion is a motion for summary judgment contending that Kot's claims, if true, would require the enforcement of an illegal contract. The second motion is a motion in limine seeking to prohibit Kot from presenting any evidence at trial regarding the allegedly illegal contract.

### *Standard of Law*

Pennsylvania Rule of Civil Procedure 1035.2 states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. However, a nonmov-

ing party may not rest on averments contained in pleadings or answers to survive a motion for summary judgment if the burden of proof rests on the nonmoving party. *Manzetti v. Mercy Hospital of Pittsburgh*, 565 Pa. 471, 776 A.2d 938 (2001). In determining whether summary judgment should be entered, the record must be viewed in a light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Manzetti*.

Pennsylvania Rule of Civil Procedure 1035.1 defines what the relevant record is for deciding these motions. The following statement of facts is taken from the pleadings and depositions submitted by the parties viewed in the required light.

### Factual Summary

Kot was referred to Milano by her dentist, Dr. Michael Healy, for possible oral surgery. On July 8, 1997, Kot was seen by Milano with complaints of soreness and pain in her lower right jaw. Milano took panoramic X-rays of Kot's mouth and made a diagnosis of two complete bony impacted mandibular third molars, one on the right side and one on the left.

After the examination, Kot alleges that she informed Milano that she only wanted the right molar removed, since the left molar was asymptomatic. She also requested that the procedure be done in a hospital, as her insurance would cover 100 percent of the costs for a hospital procedure, versus only 60 percent for an office procedure. Kot alleges that Milano stated that he would admit her to the hospital under the pretense that he was planning

on extracting both molars. However, she further alleges, Milano stated that once she was admitted, he would declare the left molar too risky to operate on, and would only extract the right molar.

On July 14, 1997, Kot returned to Milano's office and signed, among others, a consent for operation or special treatment. This typewritten form states at the top "I hereby authorize Dr. *Carl J. Milano* and/or such physicians as may be selected by him to perform the following procedure(s): *Surgical removal of two complete bony impacted third molars with general anesthesia.*" (Italicized language was handwritten on blank lines on the form.) Kot admits that this language was on the form when she signed it. The second bulleted item on the form states "Dr. *Carl J. Milano* has discussed with me the topics that are briefly summarized below:      . . . c. The possible [sic] of likely results of the proposed procedure. *\*Risks\*—possible labial & lingual parasthesia.*" (Italicized language is typewritten in a different font from the font of the form.) Kot does dispute that the apparently added language regarding the risks was on the form when she signed it.

On August 1, 1997, Kot was admitted to the Warren Hospital in New Jersey. Milano placed her under general anesthesia and removed both lower molars. Kot alleges that after the surgery, her mouth became infected and she experienced numbness and pain in the lower jaw, predominately on the left side with decreased sensation in the lower aspect of the jaw, predominately at the gums, which was associated with pain in the area where the wisdom teeth were removed. She has also experienced and continues to experience numbness in her chin bilat-

erally as well as the lower lip, slurred speech, drooling and disfigurement.

## The Alleged Oral Contract

Milano argues that Kot's breach of contract and negligent representation claims would constitute actions to enforce an illegal contract. "A promise or other term of an agreement is unenforceable on grounds of public policy if legislation provides that it is unenforceable or the interest in its enforcement is clearly outweighed in the circumstances by a public policy against the enforcement of such terms." Restatement (Second) Contracts §178, cited in support in *Central Dauphin School District v. American Casualty Company*, 493 Pa. 254, 426 A.2d 94 (1981). Plaintiff cites federal precedent and argues that the "clean hands" doctrine is applicable only where the party seeking relief is guilty of conduct involving fraud, deceit, unconscionability or bad faith which directly injures the opposing party and affects the balance of equities between the parties. *Castle v. Cohen*, 676 F. Supp. 620 (1987), *aff'd and remanded*, 840 F.2d 173 (1988).

However, we note that a federal court's interpretation of Pennsylvania law is not binding on this court, except to the extent it is persuasive. *Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745 (1998). In contrast, two decisions of the Pennsylvania Supreme Court define the state of Pennsylvania law in this area. In *Central Dauphin, supra*, a school district instituted a taxation scheme that was eventually declared unconstitutional and the school district was required to refund the taxes that were collected. The

school district filed a claim with its insurer claiming that the refund was a loss covered by the insurance contract. The insurer refused to pay, and the school district instituted an action seeking indemnification for the refund.

The Pennsylvania Supreme Court declared that enforcing such an insurance policy would offend the public policy of the Commonwealth of Pennsylvania. *Central Dauphin.* The court noted that the taxing authority would be unjustly enriched if the insurance contract were enforced under the circumstances. "A district would be able to subject its citizens to an unlawful tax measure like the one imposed here, and yet in effect retain the proceeds of the unlawful tax simply by recovering on the claimed insurance coverage." *Id.,* 493 Pa. at 259. In effect, the court noted that enforcing the contract under such circumstances would reward the authority for implementing an illegal tax measure. *Id.* Therefore, the court did not enforce the insurance contract.

In contrast, the Pennsylvania Supreme Court in a later case limited the extent of its holding in *Central Dauphin. BlaST Intermediate Unit 17 v. CNA Insurance Companies,* 544 Pa. 66, 674 A.2d 687 (1996). In *BlaST,* the plaintiff had been successfully sued under the Equal Pay Act and section 1983. It filed a claim with its insurance company, who refused to pay based on the decision in *Central Dauphin.* The Pennsylvania Supreme Court held that enforcing the insurance policy under these circumstances did not violate public policy. *Id.* The court noted that the plaintiff would not be unjustly enriched if the contract were enforced. *Id.* The court distinguished *Central Dauphin* on the grounds that the plaintiff in *BlaST* would not receive a windfall if the contract were enforced.

These two cases establish that a contract will not be enforced if the plaintiff will be awarded a windfall for engaging in illegal conduct. In the present case, Kot's deposition testimony, if accepted as true, establishes that she knew that Milano was misrepresenting his plans for admitting her to the hospital. Whether Kot intended this misrepresentation for purposes of insurance fraud or not, she signed a form that she admits she knew misrepresented the actual terms of their contract. Furthermore, she admits that she knew that as a consequence of this misrepresentation, she would receive 100 percent coverage for the procedure. While Kot's actions may or may not constitute a crime, such misrepresentation is clearly offensive to the public policy of this Commonwealth. Allowing Kot to recover damages for the breach of a contract which she actively misrepresented to her insurer would be awarding a windfall for an action offensive to the public policy of this Commonwealth. We therefore grant Milano's motion for summary judgment with regard to Count II of Kot's complaint.

Milano argues that this principle acts to bar Counts I and III of Kot's complaint. Initially, we note that granting relief to plaintiff under these two counts would not constitute enforcement of an illegal contract. Kot has presented an expert report opining that Milano did not meet the standard of care in his treatment of Kot. Furthermore, Kot, in her deposition testimony, alleges that the language regarding the possible risks involved in the procedure was not present on the form when she signed it. Under such circumstances we cannot hold that, as a matter of law, Kot is not entitled to relief under Counts I and III. Therefore, Milano's motion for summary judg-

ment with regard to Counts I and III of Kot's complaint is denied.

## Motion in Limine

Milano, in a separate motion, argues that Kot should be precluded from presenting any evidence at trial regarding the alleged oral contract between Kot and Milano. We note that based upon our ruling above, it appears that such evidence would be irrelevant to the counts that remain at issue. However, the issue of relevancy under these conditions has not been briefed or argued to this court. The issue is preserved for a decision by the trial judge for a decision on the relevancy of any evidence proffered at trial.

## ORDER

And now, November 14, 2002, defendant's motion for summary judgment is granted with respect to plaintiff's claim for breach of contract, and denied with respect to plaintiff's negligence and negligent misrepresentation claims. Defendant's motion in limine is denied, but preserved for a decision by the trial judge.